902 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Murray W. KRONICK, Plaintiff-Appellant,
v.
BANKERS LIFE COMPANY, Defendant-Appellee,
Equal Employment Opportunity Commission, Amicus Curiae.
 No. 89-2744.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1990.
Decided April 17, 1990.
As Amended May 7, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-84-1174-B)
 Mayda Colon Tsaknis, Rockville, Md., argued, for appellant.
 Jana Howard Carey, Venable, Baetjer & Howard, Baltimore, Md., for appellee;
 Ronald W. Taylor, Venable, Baetjer & Howard, Baltimore, Md., on brief.
 Charles A. Shanor, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Terry Collingsworth, Equal Employment Opportunity Commission, Washington, D.C., for amicus curiae.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff, Murray Kronick, was employed by defendant, the Bankers Life Company, from 1975 until May 13, 1983, as the Agency Manager of the defendant's Washington, D.C., insurance office. His employment was involuntarily terminated. He was 53 years old at the time, and he was replaced by a person aged 35 years. He filed this suit under the Age Discrimination and Employment Act, 29 U.S.C. Secs. 621-634 (1985 & Supp.1989). Defendant filed a counterclaim for unpaid loans owed to it by plaintiff.[1]
 
 
 2
 After prolonged discovery, defendant moved for summary judgment both as to plaintiff's claim and its own counterclaim. A hearing on the motion was held. At its conclusion, the district judge rendered an oral opinion in which, after fully and carefully reviewing all the relevant evidence, he ruled that defendant's motion should be granted.
 
 
 3
 The uncontradicted record establishes that throughout his employment with defendant, plaintiff had substantial difficulties in the areas of control of expenses, the persistency of policies, and the retention of agents. These difficulties were regularly reflected on plaintiff's performance appraisals. His "Performance Measurement and Analysis" score on the appraisals ranged from 25 to 96 out of a possible 129. He received negative adjustments in his compensation every year for excessive expenses and poor persistency. He also consistently ranked poorly in company-sponsored contests which provided a barometer of performance. The last appraisals which he received prior to his termination included such comments as "[y]ou can only get better;" "Murray, Your direction is definitely going the wrong direction!!!;" and "1983 need[s] to be a year of noticeable improvement in almost all measurable areas. It is imperative [sic] that we get your agency profitable & your PMA score above 90 as soon as possible."
 
 
 4
 Applying the summary judgment standards set forth in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the district court found that no reasonable jury could find that plaintiff had met his burden of proving, as required by the McDonnell Douglas protocol, that he was performing satisfactorily at the time that he was discharged. See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir.1988), cert. denied, 109 S.Ct. 3159 (1989); Lovelace v. Sherwin-Williams Co., 681 F.2d 230 (4th Cir.1982). Plaintiff, joined by the EEOC which has filed an amicus brief, argues that the district court erred by improperly considering evidence submitted by the defendant in determining whether plaintiff had met his burden of making out a prima facie case. We need not decide that issue because the district court also found that, assuming that plaintiff had met his initial burden under McDonnell Douglas, defendant had presented compelling evidence of a nondiscriminatory reason for plaintiff's discharge and plaintiff had not presented sufficient evidence from which a reasonable jury could find that defendant's articulated reason was pretextual.
 
 
 5
 That the defendant proved a nondiscriminatory reason for plaintiff's discharge cannot be questioned. The facts stated above clearly demonstrate that plaintiff's performance as an agency manager had been unsatisfactory and that defendant had fully documented in its appraisals of plaintiff that he was not meeting defendant's legitimate expectations of performance. In light of this evidence, the burden was placed upon plaintiff to prove that defendant's articulated reason for discharge was pretextual. He presented no competent evidence of that fact. He compared himself with four other agency managers. The first comparison undercut, rather than supported, plaintiff's case; an agency manager who was younger than plaintiff was removed as an agency manager by defendant. A second agency manager--who was 47 (and thus within the ADEA's protected age group) at the time that he was allegedly given more favorable treatment than plaintiff--had performed substantially better than plaintiff in the areas of persistency and expense control. As the district court properly found, the other two persons to whom plaintiff compared himself were not in comparable positions to him because they had been on the job less than one year and thus could not be properly graded in such areas as the persistency of business.[2]
 
 
 6
 In sum, the district court's analysis of the evidence before it was correct, and it properly entered summary judgment on behalf of the defendant.
 
 AFFIRMED
 
 
 [1]
 Plaintiff, who is Jewish, also filed a claim under the Civil Rights Act of 1964, alleging that he was discharged because of his religion. He conceded that claim during the summary judgment motion hearing below, and he has not pressed it on appeal
 
 
 [2]
 In his attempt to show pretext, plaintiff also points to the fact that the supervisor had, in response to an inquiry from plaintiff, stated somewhat vaguely that the reason for plaintiff's discharge was "financial ineffectiveness." In fact, this term does loosely describe the performance deficiencies leading to the termination of plaintiff's employment. In any event, it is not inconsistent with the more specific reasons stated by the defendant during the course of the litigation